IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        -v-                                02-CR-255S

MOHAMED ALBANNA,

                Defendant.

_____

### PRELIMINARY ORDER OF FORFEITURE

BASED upon the Plea agreement entered into between the defendant, MOHAMED ALBANNA, and the Government on or about June 23, 2006, whereby the defendant agreed to an Order of Forfeiture of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) United States currency.

**NOW THEREFORE**, pursuant to Federal Rules of Criminal Procedure Rule 32.2(b) and Title 18, United States Code, Section 982(a)(1), and upon entry of this Preliminary Order of Forfeiture,

**IT IS ORDERED** that the sum of $100,000.00 is to be forfeited and is to be secured by an entry of judgment.  Said judgment amount will accrue at the prevailing rate per annum and serve as a judgment and lien against the defendant's property, wherever situated until fully satisfied; and it is further

**ORDERED**, that the Court hereby authorizes the Attorney General, through the United States Attorney's Office or its designee, to file such judgment against the defendant, MOHAMED

ALBANNA, and in the event the defendant pays the judgment in full prior to the date for entry of the guilty plea agreement, the United States shall prepare an appropriate satisfaction of judgment, and it is further;

**ORDERED**, pursuant to Federal Rules of Criminal Procedure Rule 32.2(c)(1), no ancillary proceeding is required for a money judgment; therefore, pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is now final as to the defendant and shall be made part of the sentence and included in the judgment.  This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2); and it is further

**ORDERED**, the United States has not, as of this date, identified specific assets that were involved in the offenses for which the defendant pled guilty, nor has the United States yet identified any property of the defendant that could be forfeited as a substitute property in accordance with Title 21, United States Code, Section 853(p), the government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets; and it is further

**ORDERED**, upon the entry of this Order, the Attorney General

(or its designee), is authorized to seize specific property or proceeds in the possession or under the control of the defendant, and to conduct any discovery the court considers proper in identifying, locating, or disposing of property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3);

The Court shall retain jurisdiction to enforce this Order, and amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED.

DATED:   Buffalo, New York, June 27, 2006.

/s/William M. Skretny
HONORABLE WILLIAM M. SKRETNY
UNITED STATES DISTRICT JUDGE